IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5-11-CV-00229-FL

| | |
|---|---|
| JONATHAN W. SUPLER, an individual; on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FKAACS, Incorporated f/k/a Absolute Collections Service, Incorporated; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,<br><br>        Defendant. | MEMORANDUM OPINION |

The court addressed plaintiff's consent motion to certify class and grant preliminary approval of class action settlement and injunctive relief (DE # 23) at hearing October 11, 2012, where plaintiff was represented by attorneys William F. Horn and Peter R. Shedor, and defendant by attorney Sean T. Patrick.[1] Defendant's corporate representative, Kenneth Perkins, also was in attendance. By oral order rendered at conclusion of said hearing, the court denied the motion (DE # 36). This memorandum opinion amplifies upon the reasons for the court's decision to deny plaintiff's motion.

## BACKGROUND

Plaintiff filed this case as a putative class action on May 9, 2011, alleging that defendant,

---

[1] Mr. Shedor entered notice of appearance on March 22, 2012, effectively as co-counsel. Limited status as local counsel was not revealed on any signature page, either. However, immediately in advance of hearing it was made apparent that Mr. Shedor's capacity is so limited, and in accordance with matters discussed at hearing, thereafter, on October 15, 2012, counsel amended his notice of appearance to reflect his status as Local Civil Rule 83.1 Counsel.

denominated Absolute Collection Services, Incorporated,[2] sent telephonic messages to himself and to members of the putative class in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").[3] Defendant denied all violations of the FDCPA in its answer.[4]

After nearly a year of discovery, plaintiff filed the instant motion, with the consent of defendant, to certify class and grant preliminary approval of class action settlement and injunctive relief, pursuant to Federal Rule of Civil Procedure 23(b)(2). In conjunction with the motion, plaintiff also filed their proposed class settlement agreement.

Mindful of it's duty to carefully review proposed class action settlements, the court ordered that the parties file a joint report and attend a preliminary review hearing to address the appropriateness of the proposed class, and the fairness of the proposed settlement. In response, the parties filed joint report informing the court, *inter alia*, of another suit filed in this district on November 2, 2011, against defendant and another party based upon similar grounds as the instant case. See Carter v. Absolute Collection Service, Inc. and Patient Financial Services, Inc., No 5:11-cv-465 (E.D.N.C.).

The parties also stated in their report that it was impossible to ascertain who the members of the proposed class in this case would be because of two facts: (1) defendant called debtors using multiple autodialer machines but did not record which autodialer called which debtor, and (2) the

---

[2] The case caption was amended at hearing, with consent, to reflect corporate amendment on or about June 29, 2012, of defendant's name, which name is now FKAACS, Incorporated. The new name appears to represent its status as an entity "Formerly Known As Absolute Collections, Incorporated."

[3] Plaintiff has some experience in these matters. The court notes that plaintiff has filed five other FDCPA complaints in this district, four as putative class actions. In none of these cases has a class been certified, however.

[4] Although plaintiff indicated in its complaint that it would amend the complaint to identify defendants John and Jane Does Number 1 to 25, plaintiff has not done so as of this date.

2

parties believed only one of defendant's autodialers was leaving the allegedly illegal messages. Defendant also filed an affidavit under seal including certain financial information, pertaining to its assets and liabilities.[5]

In written submission there appeared inconsistencies regarding the scope of the proposed class. At hearing, the parties clarified the scope of the class, stipulating that the motion proposes a class composed of approximately twenty-five thousand (25,000) North Carolina residents who between May 9, 2010, and August 1, 2010, allegedly received messages similar to that received by plaintiff. It was not believed that allegedly illegal messages were conveyed by defendant after the August 1, 2010.

When the court inquired about the Carter case, defendant clarified that of the two defendants in that case, itself and Patient Financial Services, Inc., the corporate defendant now before this court was the only entity in the business of collecting past due accounts during the time in question. Allegations in the Carter case include failure, as here, to disclose that communications were from a debt collector on dates after August 1, 2010, however, including December 30, 2010, January 7, 2011, and January 15, 2011. Default judgment recently was entered in the Carter case.

Matters revealed on the face of the joint report were further developed at hearing in other respects. It was confirmed that defendant no longer is in the business of collecting past due accounts.

Terms of the proposed settlement can be summarized as follows. Defendant agrees to pay

---

[5] The affiant was Kenneth Perkins who, in addition to being Secretary for FKAACS Incorporated is also a licensed attorney. Mr. Perkins amplified in argument at hearing upon defendant's representations. Where the court denied the motion to certify, matters at issue in the affidavit were rendered moot. As such, the court allowed at hearing corresponding motion to seal financial information (DE # 27) tendered on behalf of defendant.

$2,500.00 to plaintiff, and $17,500.00 to be awarded as a *cy pres* payment to Legal Aid of North Carolina. Defendant additionally consents to entry of an injunction mandating that it discontinue use of the telephonic message at issue, that it use its best efforts to ensure it properly identifies itself and the purpose of its call(s), and that it send written reports to the plaintiff's counsel of all lawsuits filed, or informal complaints received in writing, involving identical factual and legal claims to the ones in this suit for six months after approval of the settlement. Finally, defendant agrees to pay reasonable attorneys' fees and costs.

**DISCUSSION**

A.  Standard of Review

Rule 23 sets forth the requirements a plaintiff must satisfy to be permitted to represent a class. Fed. R. Civ. P. 23. However, before considering the requirements of Rule 23, in order to determine whether a class action is proper the court must determine whether a class exists, and if so, what it includes. Roman v. ESB, Inc., 550 F.2d 1343, 1348 (4th Cir. 1976). See also Cuming v. South Carolina Lottery Com'n, 3:05-cv-03608, 2008 WL 906705 at *1 (D.S.C. Mar. 31, 2008) ("Although not specifically mentioned in the rule, an essential prerequisite of an action under Rule 23 is that there must be a class") (quotations omitted). "This determination is a question of fact that will be determined on the basis of the circumstances of each case." Roman, 550 F.2d at 1348.

The ultimate goal in determining class certification is to "best serve the ends of justice for the affected parties and . . . promote judicial efficiency." In re A.H Robins Co., Inc., 880 F.2d 709, 740 (4th. Cir 1989). The court has wide discretion in deciding whether to certify a proposed class. Ward v. Dixie Nat. Life Ins. Co., 595 F.3d 164, 179 (4th Cir. 2010).

B.  Analysis

Upon review of the unique facts presented here, after consideration of the arguments of the parties, the court finds three barriers to class certification and settlement approval in this case. These barriers militate against exercise of the court's discretion in certifying the proposed class and approving the proposed class action settlement.

1.  Determination of Class Members

First, although plaintiff sets forth a purported class definition, under the circumstances it is not feasible to determine whether a particular individual is a member. Although it "is not necessary that the members of the class be so clearly and completely identified that any member can be presently ascertained," Haywood v. Barnes 109 F.R.D. 568, 576 (E.D.N.C. 1986), ultimately it must be "administratively feasible for the court to determine whether a particular individual is a member." 7A Wright & Miller, Federal Practice and Procedure § 1760; see Hammond v. Powell, 462 F.2d 1053, 1055 (4th Cir. 1972) (at the time of judgment individual members of the class must be readily identifiable); see also Kirkman v. North Carolina R. Co., 220 F.R.D. 49, 53 (M.D.N.C. 2004) (holding that it was not administratively feasible for the court to ascertain potential class members through multiple detailed title searches); Solo v. Bausch & Lomb Inc., No, 2:06-cv-02716, 2009 WL 4287706 at *4 (D.S.C. Sept. 25, 2009) ("The court should not certify a class unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.") (quotations omitted).

In this case, plaintiff proposes a class consisting of:

[A]ll persons in the State of North Carolina who received a telephonic message left by Defendant on a telephone answering device which did not identify Defendant by its company name as the caller and/or which did not state the purpose or nature of the communication, and/or which did not disclose that the communication was from a debt collector and which message was left [between May 9, 2010, and August 1,

5

2010].

Pls.' Mot. Class Certification Ex. A. 8.

As acknowledged at hearing, it is not administratively feasible to identify members of the putative class besides plaintiff. See Cuming, 2008 WL 90605 at *3 (plaintiffs did not sufficiently define the class where the court would have to conduct thousands of individualized inquiries to determine whether a prospective class member bought a lottery ticket after the top prize was no longer available). Indeed, the parties stated it is impossible to ascertain who the class members would be due to their autodialer system. See Parties' Joint Report 2. Thus, because of the administrative impossibility of identifying class members, the court finds that certification of the class proposed by plaintiff is not warranted.

2. Relief Proposed

A second barrier which militates against exercise of the court's discretion in certifying the proposed class and approving the proposed class action settlement relates to the proposed remedies. The primary injunctive remedy proposed simply is not meaningful given defendant's prior cessation of the business of collecting past-due accounts, upon sale of its assets. Moreover, any monetary benefit to proposed class members is attenuated and insignificant.

Plaintiff proposed the class be certified pursuant to Rule 23(b)(2). Certification under this rule may only occur when the final injunctive relief sought is "appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Since defendant no longer collects past due accounts, the proposed injunctive relief is of negligible value to the proposed class. No meaningful benefit would accrue to them from allowing this litigation to go forward as a class action. See Kartman v. State Farm Mut. Auto. Ins. Co., 634 F.3d 883, 893 (7th Cir. 2011) (injunction ordering defendant conduct

6

Case 5:11-cv-00229-FL  Document 38  Filed 11/06/12  Page 6 of 8

class-wide roof inspections was inappropriate where, *inter alia*, many plaintiffs had replaced their roofs); cf. Washington v. Finlay, 664 F.2d 913, 928 (4th Cir. 1981) (court correctly denied certification as "no practical benefit would be served by certifying a class" where members of the putative class would be similarly affected by injunctive relief regardless of membership in a class).

The parties have not identified any meaningful value to the class members in the proposed monetary relief. Since damages as framed would leave each putative class member with an award of under one dollar, a *cy pres* payment to Legal Aid of North Carolina is provided in the settlement proposal. See 15 U.S.C. § 1692k(a)(2)(B). The benefits to putative class members of this *cy pres* payment, however, are attenuated and insignificant. Thus, class certification does not "best serve the ends of justice for the affected parties and . . . promote judicial efficiency." In re A.H Robins Co., Inc., 880 F.2d at 740.

3.  Interests of Named Plaintiff

A third barrier accrues from the fact that the proposed class action most reflects the interests of the named plaintiff. The proposed action most reflects the interests of the named plaintiff, and proceeding with a class action based on the facts alleged by this plaintiff would not "best serve the ends of justice" for any class that may exist. Id.

The scope of the proposed class is limited to the dates wherein plaintiff received allegedly illegal messages. At least one other case in this district has alleged similar violations by defendant, but occurring at a later date range than would be covered by the parties' proposed class action. See Carter v. Absolute Collection Service, et al., Case No. 5:11-cv-465 (E.D.N.C.). As earlier noted, in that case, plaintiff asserted defendant left her telephonic messages in violation of the FDCPA from December 30, 2010, to January 15, 2011. Where it appears the facts of this case pertain most

concretely to the single named plaintiff here, and not to a class of persons in North Carolina who received allegedly wrongful messages from defendant, the court finds it appropriate for the present suit to proceed at this time as an individual suit and not a class action.

In sum, where there is no proper class certification, there is no basis for approving a class settlement. See Fed. R. Civ. P. 23(e). Thus, absent sufficient basis for certifying the proposed class in this case, there is no basis for approving the proposed class settlement.

## CONCLUSION

Based on the foregoing, plaintiffs' motion to certify class and grant preliminary approval of class action settlement and injunctive relief (DE #23) is DENIED. Absent request for any continuance, with good cause shown, case deadlines set forth in prior order remain in force and effect, including deadline of December 11, 2012, for filing of all potentially dispositive motions shall be filed by December 11, 2012.

SO ORDERED, this the 6th day of November, 2012.

LOUISE W. FLANAGAN
United States District Judge

8

Case 5:11-cv-00229-FL   Document 38   Filed 11/06/12   Page 8 of 8